# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **TRUMAINE LAMAR MELTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 7:05-CV-2 (HL) |
| **DALE WILEY, DEPUTY COPE,** | : | |
| **PRESTON HESTER, and ERIC** | : | |
| **BRAMBLE,** | : | |
| | : | |
| **Defendants.** | : | |

# **ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 30). Defendants assert two main arguments: (1) the Complaint is barred in its entirety as Plaintiff failed to perfect service within the time prescribed in Rule 4 of the Federal Rules of Civil Procedure and (2) Defendant Wiley had probable cause for the traffic stop and the search of Plaintiff's vehicle, which resulted in Plaintiff's arrest. For the reasons explained herein, Defendants' Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed without prejudice.

As an initial matter, the Court notes the parties have stipulated (Doc. 50) to the voluntary dismissal of Defendants Cope, Hester, and Bramble pursuant to Rule 41 of the Federal Rule of Civil Procedure. Accordingly, Defendant Wiley is the only remaining defendant in this action.

**I. SERVICE OF PROCESS**

Defendant argues Plaintiff's claim is barred because Plaintiff has failed to provide any evidence of valid service of process on Defendant Wiley. Although it is undisputed that Defendant Wiley received actual notice of this action, Defendant Wiley argues Plaintiff's chosen method of service is insufficient under Rule 4 of the Federal Rules of Civil Procedure. In contrast, Plaintiff asserts Defendant Wiley was properly served because the summons and complaint were delivered to an agent authorized to receive service of process for Defendant Wiley. Furthermore, Plaintiff argues that even if service was technically improper, Defendant Wiley has waived the defense by filing multiple pleadings in this case.

A. Service of Process on Defendant Wiley

Plaintiff originally filed this action on January 10, 2005, and on April 4, 2005, a summons was issued for each defendant named in the action. Plaintiff then filed proof of service, with respect to Defendant Wiley, on May 13, 2005. The Affidavit of Service filed by the process service indicates the summons and complaint were left for Defendant Wiley at his usual place of business, Lowndes County Sheriff's Department, with Captain Temples. On May 18, 2005, Defendants filed an Answer, in which the following defenses were raised: (1) "[t]he complaint is barred in whole or in part by insufficiency of process" and (2) "[t]he complaint is barred in whole or in part by insufficiency of

service of process." Thereafter Defendants fully participated in drafting a proposed scheduling and discovery order, engaged in reciprocal discovery, and filed the Motion for Summary Judgement currently before the Court.

B. Was Defendant Wiley properly served?

Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff is required to serve a defendant with a summons and a copy of the complaint filed in the case within 120 days of the date the complaint is filed and in the manner described. Fed. R. Civ. P. 4. Rule 4(e) sets forth the procedure by which an individual within any judicial district of the United States shall be served. Fed. R. Civ. P. 4(e). According to Rule 4(e), the individual may be served (1) "pursuant to the law of the state in which the district court is located, or in which service is effected;" (2) "by delivering a copy of the summons and of the complaint to the individual personally;" (3) "by leaving copies [of the summons and complaint] at the individual's dwelling house or usual place of abode with some person or suitable age and discretion then residing therein;" or (4) "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, Plaintiff evidently chose to serve Defendant Wiley "pursuant to the law of the state in which the district court is located" as he asserts service was proper under the agency provision of O.C.G.A. § 9-11-4(e)(7). The cited portion of Georgia's service of

3

process statute is as follows: "In all other cases to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7) (2006). According to the Georgia Court of Appeals, the term "agent," as used in the service of process statute, applies only "to agents that have some sort of controlling authority and are vested with authority to create obligations on behalf of their principal." Commercial Union Ins. Co. v. Gibson, 437 S.E. 2d 808, 808, 210 Ga. App. 823, 823 (Ga. Ct. App. 1993). Moreover, an agent is a "person authorized to act for another arising when, expressly or impliedly, there has been a delegation with more or less discretionary power to act, to manage an affair, and to render an account." Headrick v. Forham, 268 S.E.2d 753, 755, 154 Ga.App. 415, 415 (Ga. Ct. App. 1980).

Plaintiff asserts the process server's affidavit is proof of proper service under this statute as it states "service on Defendant Wiley was made on Captain Temples, who was authorized to accept service on behalf of Defendant Wiley and inform him of the same." Defendant Wiley disputes Captain Temples was authorized to accept service on his behalf and submitted an Affidavit in support. Contrary to Plaintiff's assertion, the process server's statement does not establish that Captain Temples was Defendant Wiley's agent.

4

The statement, without more, is nothing more that the process server's opinion. The fact remains, that only Defendant Wiley is empowered to authorize Captain Temples to accept service on his behalf. According to Defendant Wiley, Captain Temples was simply not authorized. As Plaintiff has provided no additional evidence that would allow the Court to find Captain Temples was so authorized, the Court determines Defendant Wiley was not properly served.

## C. Did Defendant Wiley waive the defense?

Plaintiff asserts that even if service on Defendant Wiley was technically flawed, Defendant Wiley has nevertheless waived the defense by making a voluntary appearance in the case. Defendant Wiley responds by pointing out that he specifically preserved both insufficiency of service and insufficiency of service of process as defenses when he filed his Answer.

Rule 12 of the Federal Rules of Civil Procedure governs the waiver or preservation of the defenses of insufficiency of process and insufficiency of service of process. Fed. R. Civ. P. 12. Rule 12 states the defenses may be waived if omitted from a consolidation of defenses motion or "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(s) to be made as a matter of course." Fed. R. Civ. P. 12. Here, Defendant Wiley properly followed the procedure set forth in Rule 12 to preserve both the defense of insufficiency

of process and the defense of insufficiency of service of process. Therefore, Defendant Wiley did not waive either defense.

D. Should the case be dismissed?

Although Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 120 days from the date the complaint is filed, a plaintiff may secure an extension of time to perfect service upon a showing of good cause. See Fed. R. Civ. P. 12. The rule provides that if service is not made within the time allowed,

> "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). Additionally, the United States Court of Appeals for the Eleventh Circuit recently joined five other circuits in explicitly holding that Rule 4(m) also "grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005). According to the court, "'[r]elief may be justified, for example, if the applicable statue of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. at 1132-33 (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendment).

Here, despite having clear notice that the sufficiency of the service on Defendant

6

Wiley was in issue, Plaintiff has failed to address an extension for time to perfect service. Plaintiff has also neglected to show his failure to properly serve Defendant Wiley is supported by good cause. Nevertheless, Plaintiff's failure to show good cause does not foreclose relief as the Court has the discretion to grant Plaintiff an extension of time to complete service even in the absence of good cause.

Taking into consideration the factors enumerated by the Eleventh Circuit that may justify granting an extension in the absence of a showing of good cause, the Court declines to extend the time for service. First, there is no evidence Defendant Wiley was evading service or attempted to conceal a defect in service from Plaintiff. Defendant Wiley properly raised the defense in his Answer and again raised the defense in the Motion for Summary Judgment currently before the Court. Second, although future suits based on the claims in this action could be time barred, the Court finds Plaintiff's predicament is a result of his own inaction. Plaintiff was first notified that Defendant Wiley disputed the sufficiency of service when Defendant Wiley filed his Answer. There is no evidence Plaintiff attempted to ascertain the basis for Defendant Wiley's defense, much less perfect service. Plaintiff was again alerted to the issue when Defendant Wiley filed the Motion for Summary Judgment currently before the Court. Again, despite clearly having notice of a potential defect in service, Plaintiff failed to even request an extension of time to properly serve Defendant Wiley. In view of Plaintiff's actions, the

Court declines to extend the time period in which to complete service. As Plaintiff's claim fails for lack of sufficient process, the Court does not reach the merits of Plaintiff's claim.

## II. CONCLUSION

Accordingly, for the reasons set forth herein, Plaintiff's claim is dismissed without prejudice for failure to timely perfect service on Defendant Wiley.

**SO ORDERED**, this the 31st day of January, 2007.

<u>**/s/ Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs