# United States Court of Appeals
## For the Eleventh Circuit

No. 07-10959

District Court Docket No.
05-00002-CV-HL-7

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 15, 2008
THOMAS K. KAHN
CLERK

TRUMAINE LAMAR MELTON,

    Plaintiff-Appellant,

versus

DALE WILEY,
in his official and individual capacity,

    Defendant-Appellee,

DEPUTY COPE,
in his official and individual capacity, et al.,

    Defendants.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Middle District of Georgia

---

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 0 7 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: January 15, 2008
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 07-10959
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00002-CV-HL-7

TRUMAINE LAMAR MELTON,

Plaintiff-Appellant,

versus

DAVID WILEY,
in his official and individual capacity,

Defendant-Appellee,

DEPUTY COPE,
in his official and individual capacity, et al.,

Defendants.

------------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
------------------------------------------

**(January 15, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Trumaine Melton appeals the dismissal without prejudice of his section 1983 complaint, 42 U.S.C. § 1983, filed against Defendant-Appellee Dale Wiley, a deputy sheriff employed by the Lowndes County Sheriff Department. Melton's suit claimed Wiley violated his constitutional rights and named Wiley in his official and individual capacities. No reversible error has been shown; we affirm.

With the statute of limitations about to expire, Plaintiff filed suit against Defendant Wiley.[1] On 28 April 2005, within 120 days from the date the complaint was filed, Plaintiff's process server delivered the summons and complaint intended for Defendant Wiley to Captain Temples at Defendant's usual place of business. The process server's affidavit of service states that he left service with "Captain Temples as Liaison Officer, Supervisor, Person Authorized to Accept Service and informing said person of the contents thereof," and had Temples "Sign and Receipt for this process." That Plaintiff never served Defendant Wiley personally is undisputed.

---

[1] Also named in the suit were other Lowndes County Sheriff Department employees; these other employees were dismissed by agreement of the parties.

It is also undisputed that Defendant Wiley received the complaint from his captain, filed timely his answer and participated actively in the litigation. Defendant Wiley's answer asserted, among other things, that the complaint was barred by insufficiency of service of process. After participating fully in drafting a proposed scheduling and discovery order and engaging in reciprocal discovery, Defendant Wiley moved for summary judgment arguing that (i) Plaintiff's claims failed on the merits as a matter of law; and (ii) Defendant Wiley's affidavit established that no valid service of process had been effected. The district court dismissed Appellant's case without prejudice for failure to perfect timely service of process; because the statute of limitations would bar a refiled action, the dismissal was tantamount to a dismissal with prejudice.

We review for abuse of discretion a district court dismissal of a complaint without prejudice based on a failure to serve timely the defendant under Fed.R.Civ.P. 4(m). Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993) (applying the predecessor to Rule 4(m), former Fed.R.Civ.P. 4(j)). Proper service on a defendant within the time allowed under Rule 4(m) is a plaintiff's responsibility. Fed.R.Civ.P.4(c)(1). Lepone-Demsey v. Carroll County Commissioners, 476 F.3d 1277, 1280-81 (11th Cir. 2007). If proper service is not effected on the defendant

3

> within 120 days after the filing of the complaint, the
> court, upon motion or on its own initiative after notice to
> the plaintiff, shall dismiss the action without prejudice ...
> or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the
> failure, the court shall extend the time for service for an
> appropriate period.

Fed.R.Civ.P. 4(m).[2] Service on an individual may be effected by delivering a copy of the summons and complaint to the individual personally or, under prescribed conditions, by leaving copies at the individual's usual place of abode, or by delivering to "an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P.(e)(2).[3] No provision is made for leaving a copy at the individual's usual place of business or with the individual's employer.

Plaintiff argues that the district court dismissal was improper because (i) process was served on a person designated as Liaison Officer and authorized as an agent to accept service for Defendant Wiley; and (ii) Defendant Wiley's active participation in the litigation constituted a waiver of the insufficiency of service

---

[2]We quote Fed.R.Civ.P. 4(m) as in effect when the complaint was filed; we do not reflect stylistic changes made effective 1 December 2007.

[3]Fed.R.Civ.P. 4(e)(1) allows for service pursuant to the law of the state in which the district court is located or in which service is effected. The Georgia statute, applicable here, prescribes rules for service on an individual in much the same manner as Fed.R.Civ.P. 4(e)(2). See Ga.Code Ann. § 9-11-4(e)(7). Plaintiff cites to Georgia open records law, Ga.Code Ann. § 50-18-72 -- which statute protects from disclosure records revealing the home address of law enforcement officers -- to validate the substitute service crafted by the process server he hired. We do not accept that Georgia's open records law excuses Plaintiff's failure to perfect service as provided by Ga.Code Ann. § 9-11-4(e)(7).

4

claim. The district court concluded correctly that Plaintiff failed to show Captain Temples was the duly authorized agent to accept service on behalf of Defendant Wiley[4] and that Defendant Wiley's inclusion in his answer of the asserted insufficiency of service, and again in his summary judgment motion, preserved this defense.[5]

The district court recognized that it had the discretion to extend the time for service of process even absent a showing of good cause. See Horenkamp v. Van Winkle and Company, Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). Horenkamp

---

[4] Defendant Wiley submitted an affidavit that denied that he had been served. Plaintiff proffered nothing to support the process server's assertion that Captain Temples was authorized by Defendant Wiley to accept service on his behalf. In his reply brief Plaintiff argues for the first time that, even if Captain Temples could not be considered Defendant's "agent," service is nonetheless valid because Captain Temples-- as a deputy sheriff -- is himself authorized to serve process. Also for the first time in his reply brief, Plaintiff seems to argue that Defendant Wiley was served properly in his individual capacity by service on Captain Temples because Defendant Wiley was sued also in his official capacity. We will not consider arguments not advanced before the district court and raised for the first time in a reply brief. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

[5] Fed.R.Civ.P. 12(b)(5) allows the defendant the option of interposing an objection to defective service either in a motion to dismiss or as a defense in the answer. Fed.R.Civ.P. 12(b) provides further that no defense or objection is waived because it is joined with one or more other defenses or objections in a responsive pleading or motion. And Fed.R.Civ.P. 12(h)(1) provides that the defenses of insufficiency of process and insufficiency of service are waived if no motion is made asserting the defense or if the defense is omitted from a responsive pleading. Under certain circumstances, a district court may infer waiver based on later conduct of the defendant found to be inconsistent with preservation of the jurisdictional objection. Here, however, the district court noted that Defendant Wiley followed properly the procedures set out in Fed.R.Civ.P 12 to preserve the defense; it concluded that no waiver was established. That the district court saw no waiver on this record supports no abuse of discretion claim. See Proctor v. Fluor Enterprises, Inc., 494 F.3d 1337, 1350 n.9 (11th Cir. 2007) ("We review a district court's procedural ruling on waiver of an affirmative defense for abuse of discretion.").

noted that -- without showing good cause -- an extension of Rule 4(m)'s 120-day period may be justified "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Id. at 1132-33, quoting Fed.R.Civ.P. 4(m) Advisory Committee Note, 1993 Amendments. And while Horenkamp observed that the district court is under no requirement to extend the time for service if the statute of limitations presents a bar, id. at 1133, we have said that the district court is required to consider whether the circumstances of the case before it warrant discretionary relief. See Lepone-Dempsey, 476 F.3d at 1282 (reversing and remanding dismissal without prejudice for failure to serve timely so that district court could consider whether a permissive extension was warranted).

Here, the district court considered specifically whether it should allow Plaintiff an extension in the light of the running of the statute of limitations;[6] it rejected that option. In the light of the (i) Plaintiff's failure to take action -- or even make further inquiry -- when notified of the asserted insufficiency defense claimed in Defendant Wiley's answer; (ii) Plaintiff's failure to seek an extension of time to perfect service -- even after Defendant Wiley persisted in arguing his

---

[6]Plaintiff argues -- and the record evidence shows -- no attempt to evade service by Defendant and no acts by Defendant to conceal a defect in service.

insufficiency defense in his summary judgment motion; and (iii) the absence of evidence that Defendant Wiley evaded service or attempted to conceal a defect in service, the district court concluded that Plaintiff's predicament was of his own making. Fully appreciating that discretionary relief may be appropriate when -- as here -- the statute of limitations bars a refiled complaint, the district court determined that no relief was due Plaintiff.

The abuse-of-discretion standard of review presupposes that occasions will exist in which we affirm the district court even though we would have ruled differently had it been our call. See United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). Abuse-of-discretion review requires us to "affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Id. In the light of Plaintiff's mistaken but seemingly good faith effort to effect service, timely notice to Defendant Wiley despite the lack of valid service, and the prejudicial consequence of dismissal without prejudice because of the statute of limitations, it may be -- we do not say -- that we would have allowed Plaintiff an extension of time to prefect service had it been our discretionary call to make. But it was not our call. The district court applied the correct legal standard and made no clear error of judgment. We can not say the district court abused its discretion.

7

AFFIRMED.[7]

*A True Copy - Attested*
*Clerk U.S. Court of Appeals,*
*Eleventh Circuit*
*By: _____*
*Deputy Clerk*
*Atlanta, Georgia*

---

[7]Plaintiff also takes issue with the district court's award of costs to Defendant. Because Defendant has filed no bill of costs and has represented to us that no bill of costs will be filed if dismissal is affirmed, we do not address the costs award.